UNITED STATES of America,
Appellee,

v.

Anthony DIAZ, also known as Chuleta,
Defendant–Appellant.

No. 05–6429–cr.

United States Court of Appeals,
Second Circuit.

May 1, 2007.

Yuanchung Lee, of Counsel, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY, for Defendant–Appellant.

David S. Leibowitz, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, Harry Sandick, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

PRESENT: Hon. WALKER, Hon. CHESTER J. STRAUB and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Anthony Diaz appeals from a judgment docketed on November 22, 2005 in the District Court for the Southern District of New York (John E. Sprizzo, *Judge),* sentencing him principally to 135 months' imprisonment upon his plea of guilty to one count of conspiring to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846, and three counts of distributing and possessing with intent to distribute various amounts of crack cocaine, in violation of 21 U.S.C. § § 812, 841(a)(1), (b)(1)(A), (b)(1)(B). We assume the parties' familiarity with the balance of facts, procedural history, and specification of issues on appeal.

We conclude that the District Court's sentence was procedurally proper. The District Court did not give the Sentencing Guidelines a presumption of reasonableness, but merely used them as a starting point against which it considered all the other relevant sentencing factors—an analytical sequence that we have expressly approved. *See United States v. Fernandez,* 443 F.3d 19, 34 n. 11 (2d Cir.2006) ("It was not error for Judge Cote to employ the Guidelines range as a starting point and then to determine whether the arguments presented pursuant to the § 3553(a) factors warranted 'lighten[ing]' of or fashioning of 'an alteration to,' the advisory Guidelines sentence (or, in other words, imposing a non-Guidelines sentence).") (internal citations omitted).

We also conclude that the District Court properly rejected Diaz's claim that it "had the authority to reject the 100:1 crack/powder cocaine ratio." *See United States v. Castillo,* 460 F.3d 337 (2d Cir. 2006).

For those reasons, we AFFIRM the judgment of the District Court.